LAND, J.
 

 The defendants are charged jointly with the larceny of 116 pieces of silverware and glassware from Mr. and Mrs. Gheens, who own and reside upon a plantation in Lafourche parish.
 

 The present prosecution concerns the defendant Mrs. C. E. Hollis only.
 

 Defendant was tried by jury, found guilty of the larceny of property to the value of $175, and was sentenced to a term of imprisonment for. three months in the parish jail.
 

 On appeal defendant complains of the overruling of a motion for a new trial and of a motion in arrest of judgment.
 

 Bill of Exception No. 1.
 

 This bill relates to the action of the trial judge in overruling the motion for a new trial.
 

 The motion is based upon the ground that the verdict is contrary to the law and the evidence.
 

 It is also alleged, as part of said motion:
 

 “That the evidence clearly showed that the said silverware was really stolen by the said husband of the accused, but even if stolen by her and her said husband jointly with her, that the law presumes the same was done by her under marital coercion, and she cannot be found guilty under such circumstances of s'uch crime, since at all times up to the time of her leaving the Gheens plantation and for five days afterwards she was in the presence and company of her husband, and the law presumes any alleged crime committed by her was done under marital coercion. 30 Corpus Juris, verbo ‘Husband and Wife,’ Presumption of Coercion.”
 

 The per curiam of the trial judge to the bill reserved to bis overruling the motion for a new trial is as follows:
 

 “The jury had evidence before it sufficient, if believed, to warrant the verdict. The evidence did not identify any particular person as the actual asporter of the property from the room in which it was stored.
 

 “It did show that both accused had access thereto; that the convicted accused and Mr. Hollis did not leave the house in which it was stored on the same day. The present convicted accused was the first to leave — two or three days before the other. The theft was discovered after both had been gone some days.
 

 “The exceptor testified that she left because of Mr. Hollis’ misbehavior with another woman. No other witness knew anything of such a woman. She testified that she became reconciled several days thereafter with her husband in New Orleans and left on a trip to St. Louis. The person found in possession of the goods testified that the exceptor had sold them to him on two different days, saying that they were family silver that she wished to dispose of.
 

 “On the stand, she made no claim of marital influence, denied that she sold the goods, and suggested that they must have been sold by the
 
 *955
 
 other woman about whom she quarreled with Mr. Hollis'.”
 

 It is apparent from the per curiam to this bill that the judge a quo was satisfied from the evidence as detailed by him that defendant had not acted under marital coercion in the commission of the offense charged. It is •clear that this evidence does not show the presence of the husband of the accused either at the time of the taking of this property, or at the time of its sale by the accused to the pawnbroker in the city of New Orleans. In addition to this, marital coercion was not claimed by the accused after all of the evidence had been adduced before the jury.
 

 The law of the case is thus stated by Mr. Bishop:
 

 “Whatever, of a criminal nature, the wife does in the presence of the husband, is prima facie presumed to be compelled by him; while not even a command from him will excuse her unless she does the thing in his actual or constructive presence.” Bishop’s New Orim. Law, vol. 1, § 359.
 

 “The presumption that the wife when in the husband’s presence acts under his coercion is only prima facie — liable to be rebutted by evidence.
 

 “Whatever the offense, the- wife, like any other person, may be proceeded against jointly with her husband, in the same indictment, and she can rely on the coercion only when the proofs are adduced at the trial.
 

 “The indictment need not negative coercion. Moreover, it is optional whether or not to make the husband a joint defendant with the wife.
 

 “Or, if the wife does the criminal act by the husband’s command, he may be indicted for it.”
 

 Bishop’s New Orim. Law, vol.' 1, § 362, section 363, pars. 1, 2, and 3.
 

 It is said in Russell’s Law of Crimes (7th Eng. Ed.) p. 92:
 

 “As regards crimes charged to have been committed by husband and wife jointly, no presumption arises in favor of the wife merely from the fact of conjugal relation.”
 

 , As there is no proof of the commission of the offense by the wife in the presence of the husband in this case, there is no prima facie presumption of compulsion by him. In fact, the accused failed to rely on 'coercion at all, after all of the evidence was before the jury.
 

 We find no error in the overruling of the motion for a new trial by the judge a quo.
 

 Bill of Exception No. 2.
 

 The motion in arrest of judgment in this case is based upon the contention that the evidence adduced on the trial showed that the husband of defendant had stolen the silverware in the parish of Lafourche and had sold it in the city of New Orleans, without any knowledge or connivance upon the part of defendant, his wife.
 

 Defendant also contends in the motion in arrest that if the testimony of the pawnbroker that she did sell to him the silverware be correct, her possession of the stolen property in the parish of Orleans, knowing the same to be stolen, does not create a presumption against defendant that she committed larceny in the parish of Lafourche, and, moreover, does not destroy the presumption of defendant’s innocence on the ground of marital coercion, and that, for these reasons, the court should have instructed the jury to acquit accused: First, for lack of jurisdiction; second, on the ground of marital coercion.
 

 It is clear from the facts recited in the per curiaras to the bills that the silverware was stored in a house on the Gheens plantation in the parish of Lafourche and was stolen from the premises; that the stolen property was accessible to defendant as well as to her husband ; that defendant left the plantation first, coming to the city of New Orleans ; that the stolen property was found in the possession of a New Orleans pawnbroker, to whom defendant alone had sold it; that none of the stolen silverware was found in the possession of the husband of defendant; that in the face of these facts, defendant denied both the theft and the sale to the pawnbroker, and attempted to implicate another woman, about ■whom no other witness knew anything.
 

 - It is obvious that the conviction in the case was not based solely upon the presumption of
 
 *957
 
 guilt arising from the mere possession hy defendant of the stolen property in the parish of Orleans, but that the jury and the trial judge found the evidence, as a whole, sufficient to prove venue and to convict defendant.
 

 Defendant did not even pretend on the trial that she had acted under marital influence in the commission of the offense charged. The whole of the stolen silverware was traced to her possession recently after the theft. She did not attempt to give any reasonable account of her possession, but denied both possession and sale of the stolen property to the New Orleans pawnbroker. Although her husband had equal access with defendant to the house from which the property was stolen, none of the missing silverware was traced to bis possession. Defendant does not claim that she received any of this silverware from her husband, but, on the contrary, suggested on the trial that the stolen property must have been sold to the pawnbroker “by the other woman about whom she quarreled with Mr. Hollis.”
 

 That there is some evidence as to defendant’s guilt must be conceded. We have nothing to do with its sufficiency under our appeUate jurisdiction in criminal cases.
 

 The motion in arrest of judgment was properly overruled. ■
 

 The conviction and sentence are affirmed.