· (114 So. 604)

No. 28739.

## STATE v. WEEDEN.

Oct. 31, 1927.

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⊚⟹137(1)—
Since, to raise marital coercion defense, proper procedure is to plead coercion and request instructions, to quash indictment therefor held properly overruled.

Where, in prosecution of wife for selling beer, she filed a motion to quash the indictment on the ground of alleged coercion by her husband, and tendered witnesses in support of her defense, *held*, that the trial judge properly refused to entertain the motion and hear the witnesses, as the proper procedure to raise the defense of marital coercion is to plead such coercion after all the evidence has been introduced before the judge or jury, and then to request special instructions as to such defense.

2. **Criminal law** ⊚⟹878(4)—On indictment for manufacturing and selling beer, conviction for selling, although acquittal for manufacturing, held proper; continuous act of brewing and selling not being shown (Act No. 39 of 1921 [Ex. Sess.] § 1).

Where indictment charged defendant with the manufacture and sale of intoxicating liquors on the same date, and she was convicted of selling, but acquitted of manufacturing, whereupon she objected that the offenses were the same, and resulted from one continuous act, hence she could not be convicted of selling and acquitted of manufacturing, *held*, that conviction on one charge and acquittal on the other was proper under Act No. 39 of 1921 (Ex. Sess.) § 1; a continuous act of brewing and selling not being shown.

3. **Husband and wife** ⊚⟹108—Instruction on marital coercion of wife in selling liquor held properly refused, in view of evidence otherwise.

Where a wife was charged with selling liquor, and raised the defense of marital coercion, requested instruction that, since both husband and wife were in the same room at the time of her alleged sale, the presumption of law was that the wife acted under the husband's coercion, *held* properly refused in view of the wife's independent acts connected with the sales, and in view of her action in pointing out to her husband a prospective customer who would be a · proper person to whom to sell.

4. **Courts** ⊚⟹95(1)—Common-law rule of marital coercion followed, rather than rule of sister state.

Since the common law is the basis of the criminal law of Louisiana, Supreme Court is governed by its principles on the question of marital coercion, regardless of the rule followed in decisions of sister states.

Appeal from Twenty-First Judicial District Court, Parish of Livingston; Columbus Reid, Judge.

Mrs. J. V. Weeden was convicted of selling beer, and she appeals. Affirmed.

M. J. Allen, of Amite, for appellant.

Percy Saint, Atty. Gen., and A. L. Ponder, Jr., Dist. Atty., of Amite (E. R. Schowalter, of New Orleans, of counsel), for the State.

LAND, J. Defendant and her husband are charged in separate indictments with the manufacture and sale of intoxicating liquors on the same date. The liquor alleged to have been manufactured and sold by the wife was beer, and that charged to have been manufactured and sold by the husband was whisky. The wife only was tried. She was acquitted of the charge of manufacturing, but was convicted of the charge of selling beer, and has appealed.

### Bill No. 1.

[1] Defendant filed a motion to quash the indictment on the ground of alleged marital coercion, and tendered witnesses in support of her plea. The trial judge declined to entertain the motion and to hear the testimony offered.

The ruling was correct, as the proper proceeding is to plead marital coercion after all the evidence has been introduced before the judge or the jury, and then to request special instructions as to such defense. State v. Hollis et al., 163 La. 952, 113 So. 159.

### Bill No. 2.

[2] On the trial of the case, counsel for defense presented a special charge to the

effect that the defendant, having been acquitted of manufacturing, could not be convicted of selling the intoxicating liquor, as the offenses were the same, and resulted from one continuous act.

This special instruction was refused by the lower judge as not applicable to the facts proven. Defendant was charged with the sale of home-brewed beer. She was acquitted of the charge of manufacturing, as the trial judge was not satisfied of her guilt, but was convicted of the charge of selling, as the evidence was conclusive. We find no error in the ruling complained of by defendant. The unlawful act of selling intoxicating liquor for beverage purposes is made a separate and distinct offense from that of manufacturing such liquor under the Hood Act. In the present case, the brewing and the sale do not appear to have been one continuous transaction. Act No. 39 of 1921 (Ex. Sess.) § 1.

#### Bill No. 3.

[3] The following special instruction was presented to the trial judge:

"Where the evidence in the case shows that the husband and wife were both present in the same room of the house, at the time of the sale of intoxicating liquors, and both participating in the sale, the presumption of the law is that the wife acted under the influence of her husband, and is therefore not guilty of any offense."

The instruction was refused as not applicable to the facts.

As stated in the per curiam to this bill:

"The evidence showed that J. V. Weeden and Mrs. J. V. Weeden operated this place; that on the occasion in question J. V. Weeden sold the witnesses whisky, and Mrs. Weeden sold them intoxicating beer. Both sales were made at or about the same time, or at least the same occasion."

It is also stated by the trial judge at the foot of the requested charge:

"The evidence shows that defendant, Mrs. J. V. Weeden, sold beer to the witnesses, and that at the same time and place her husband sold them a quart of whisky. The husband and wife were both present at each sale. The evidence also showed that *Mrs. Weeden identified the witness to her husband as the proper person to sell to.*"

[4] Since the common law is the basis of the criminal law of this state, we are governed necessarily by its principles, regardless of what may be the rule followed in the decisions of our sister states.

As stated in Wharton's Criminal Law (11th Ed.) pp. 128 and 129:

"Sec. 96. By the English common law, if a wife is party to a crime under her husband's direct command and constraint she is entitled to acquittal; and though by some of the old writers an exception is made in cases of treason, murder, and robbery, the weight of authority is against this exception. It is also a doctrine of this same law that *if a crime of minor grade be committed by a wife* in company with or in the presence of her husband, it is a rebuttable presumption of law that she acted under his immediate coercion. * * *

"And the presumption of coercion is rebutted by proof of independent criminal action on the part of the wife. (Italics ours.)

"Sec. 97. In any view, while proximity of the husband at the time of the commission of the crime is necessary to enable this presumption to apply, such proximity by itself starts the presumption. It is sufficient if the proximity is near enough to put the wife under the husband's supervision, though the parties are not at the time in the same room. The presumption is, however, prima facie only, and may be rebutted, either by showing that the wife was the instigator or more active party, or that the husband, though present, was incapable of coercing, as that he was a cripple and bedridden, or that the wife was the stronger of the two, or that she was exercising a free volition, or that the husband was not so near at the time as to sustain the presumption."

If defendant had been acting under marital coercion, it is not reasonable to suppose that she would have indicated any one as a safe person to whom her husband should sell. Defendant was certainly "the instigator or more active party" as to the sale of the whisky, which might not have been sold at all by the husband, without the indorsement of the purchaser by the wife. As the sale of the whisky

was induced by the voluntary act of defendant, it is clear to our minds that the sale of the beer also by her, at or about the same time, was an act equally of her free volition.

Such evidence necessarily rebuts and overcomes the prima facie presumption of marital coercion, arising from the mere presence of the husband at the time, and shows that the defendant, the wife, was present, and voluntarily aiding and abetting her husband in the illegal traffic of intoxicating liquors.

The requested charge was not applicable to the facts of the case, and was properly refused by the judge a quo for that reason.

#### Bill No. 4.

A motion for a new trial was made and overruled.

As such motion is predicated solely upon the alleged errors of law already reviewed and disposed of, we are of the opinion that same was properly denied.

The conviction and the sentence appealed from are affirmed.